UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 OCT 20 A 11: 13

U.S. DISTRICT COURT
DISTRICT OF MASS.

FERNANDEZ SANTIAGO,  )
  )
  Petitioner,  )
  )
v.  )   Civil Action No. 04-12022-MLW
  )
PAUL RUANE,  )
  )
  Respondent.  )
  )

**RESPONDENT PAUL RUANE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

Respondent Paul Ruane respectfully submits this memorandum of law in support of his motion to dismiss Petitioner Fernandez Santiago's petition for a writ of habeas corpus.

In 1991, Santiago was convicted of one count of trafficking in over 200 grams of cocaine and a separate count of trafficking in over 14 grams of cocaine. His convictions became final for purposes of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") on June 27, 1993. Because Santiago's convictions became final prior to the date AEDPA became effective, the one-year period of limitation applicable to habeas petitions enacted as part of AEDPA gave him until April 24, 1997 to file his petition. Santiago's petition, however, was not filed until, at the earliest, August 28, 2004, and is thus time-barred. Accordingly, his petition must be dismissed, with prejudice, in its entirety.[1]

---

[1] Since Santiago's petition must be dismissed for the reasons stated herein, in the interest of economy, Respondent will not address any additional affirmative defenses or the merits of Santiago's petition. Should the Court deny Respondent's motion and permit Santiago to proceed, Respondent respectfully requests the opportunity to file a proposed scheduling order for the parties to submit further briefing.

## BACKGROUND[2]

Santiago is currently in custody at the Pondville Correctional Center in Norfolk, Massachusetts. On October 4, 1990, Santiago was indicted on charges of trafficking in over 200 grams of cocaine (Mass. Gen. Laws c. 94C, § 32E(b)(4)) and trafficking in over 14 grams of cocaine (Mass. Gen. Laws c. 94C, § 32E(b)(1)). *See* Suffolk County Superior Court Docket No. 91145 (attached as Exhibit A to the Katz Declaration); Suffolk County Superior Court Docket No. 91146 (attached as Exhibit B to the Katz Declaration). The charges arose out of Santiago's sale and attempted sale of cocaine to an undercover police officer on two separate occasions. *Commonwealth v. Collazo*,[3] 34 Mass. App. Ct. 79, 80-82, 607 N.E.2d 418, 420-21 (1993) (attached as Exhibit C to the Katz Declaration). On January 8, 1991, following a jury trial, Santiago was convicted of both charges. Katz Decl., Exhs. A-B. Santiago received a sentence of 15 to 16 years on the 200-gram count, and 3 to 5 years on the 14-gram count, with the sentences to be served concurrently. *Id.*

Santiago appealed his conviction for trafficking in more than 200 grams of cocaine.[4] The Massachusetts Appeals Court affirmed his conviction in a published decision issued February 3, 1993. *Collazo*, 34 Mass. App. Ct. at 421-23; 607 N.E.2d at 83-86. Santiago filed an application

---

[2] The following facts are drawn from the docket entries and pleadings in Petitioner's state-court proceedings attached as exhibits to the Declaration of Scott A. Katz (the "Katz Declaration" or "Katz Decl."), filed herewith.

[3] Santiago's appeal was a companion case to that of his codefendant, Juan Collazo. *Collazo*, 34 Mass. App. Ct. at 79 n.1, 607 N.E.2d at 418 n.1.

[4] Santiago apparently did not appeal his conviction for trafficking in more than fourteen grams of cocaine. *Collazo*, 34 Mass. App. Ct at 79 n.1, 607 N.E.2d at 418 n.1 ("While Santiago was convicted of the charges on both indictments, . . . none of the arguments on appeal relate to the conviction [for trafficking in more than fourteen grams of cocaine]."); Katz Decl., Exh. B ("Appeal to Appellate Division withdrawn"). In any event, it appears that Santiago has now completed the 3 to 5 year concurrent sentence he received on that charge.

for leave to obtain further appellate review ("ALOFAR") with the Massachusetts Supreme Judicial Court ("SJC"), but the SJC denied his application on March 29, 1993. *Commonwealth v. Collazo*, 414 Mass. 1105, 617 N.E.2d 639 (1993) (table) (attached as Exhibit D to the Katz Declaration); Massachusetts Supreme Judicial Court Case Docket No. FAR-06513 (attached as Exhibit E to the Katz Declaration). This habeas petition followed.

## ARGUMENT

### I.   SANTIAGO'S PETITION IS TIME-BARRED.

AEDPA, which became effective on April 24, 1996, fixes a one-year limitations period on habeas corpus petitions filed by state prisoners in federal court. 28 U.S.C. § 2244(d)(1). While this limitations period normally begins to run from the date a conviction becomes final, the First Circuit gave individuals like Santiago, whose convictions became final before AEDPA's effective date,[5] a one-year grace period—until April 24, 1997—within which to file a petition. *Gaskins v. Duval*, 183 F.3d 8, 9 (1st Cir. 1999) (recognizing the one-year grace period).

Santiago's signed petition is hand-dated August 28, 2004. According to the docket in this matter, Santiago's petition was filed on September 13, 2004. Even assuming (without conceding) that Santiago's petition could be deemed filed on the handwritten date appearing on the petition—August 28, 2004[6]—it is time-barred, as the limitations period expired on April 24,

---

[5] Santiago's conviction became final on June 27, 1993—90 days after the ALOFAR relating to his direct appeal was denied by the SJC. *See Neverson v. Farquharson*, 366 F.3d 32, 36 (1st Cir. 2004) (noting that "conviction became final when the ninety-day period for seeking certiorari expired").

[6] Under the so-called "prisoner mailbox rule," if a *pro se* prisoner litigant uses the prison system for forwarding legal mail to the district court, and demonstrates through documentation the date upon which the petition was deposited in the prison's internal mail system, then that date is taken as the date of filing. *Morales-Rivera v. United States*, 184 F.3d 109, 111 (1st Cir. 1999). In this case, Santiago's petition does not indicate whether he used the prison system for forwarding and recording legal mail, and if so, when his petition was given to prison authorities for mailing. As noted, the petition is hand-dated August 28, 2004. Accordingly, the earliest date

3

1997, as described above. Because Santiago did not file his petition until more than seven years after the limitations period had expired, his petition is time-barred, and therefore, must be dismissed with prejudice in its entirety.

## CONCLUSION

For the foregoing reasons, the Court should allow Respondent's motion and dismiss Santiago's petition, with prejudice, in its entirety.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Scott A. Katz

Scott A. Katz (BBO # 655681)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2833

Dated: October 20, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon petitioner Fernandez Santiago, Pondville Correctional Center, P.O. Box 146, Norfolk, MA 02056 by first-class mail, postage prepaid, on October 20, 2005.

/s/ Scott A. Katz

Scott A. Katz

---

that the petition could have been given to prison authorities for mailing, and thus deemed filed, was August 28, 2004.