FILED
**UNITED STATES DISTRICT COURT** CLERKS OFFICE
**DISTRICT OF MASSACHUSETTS**

2005 OCT 20  A 11: 13

|  |  |
|---|---|
| **FERNANDEZ SANTIAGO,** ) | U.S. DISTRICT COURT |
|  ) | DISTRICT OF MASS. |
| **Petitioner,** ) |  |
|  ) |  |
| **v.** ) | **Civil Action No. 04-12022-MLW** |
|  ) |  |
| **PAUL RUANE,** ) |  |
|  ) |  |
| **Respondent.** ) |  |

## DECLARATION OF SCOTT A. KATZ

I, Scott A. Katz, do depose and say under the penalties of perjury:

1.     I am an attorney admitted to practice in the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts. I am an Assistant Attorney General with the Massachusetts Attorney General's Office, counsel for Respondent Paul Ruane in this matter. I make this Declaration, which is based on my personal knowledge and belief, in support of Respondent Paul Ruane's Motion to Dismiss Petition for Writ of Habeas Corpus, filed herewith.

2.     Attached hereto as Exhibit A is a true and correct copy of the docket sheets for *Commonwealth v. Fernandez Santiago*, Suffolk County Superior Court Criminal Docket No. 091146.

3.     Attached hereto as Exhibit B is a true and correct copy of the docket sheets for *Commonwealth v. Fernandez Santiago*, Suffolk County Superior Court Criminal Docket No. 091145.

4.     Attached hereto as Exhibit C is a true and correct copy of *Commonwealth v.*

*Collazo*, 34 Mass. App. Ct. 79, 607 N.E.2d 418 (1993).

5.     Attached hereto as Exhibit D is a true and correct copy of *Commonwealth v.*

*Collazo*, 414 Mass. 1105, 617 N.E.2d 639 (1993) (table).

6.     Attached hereto as Exhibit E is a true and correct copy of Massachusetts Supreme

Judicial Court Case Docket No. FAR-06513.

Signed under the pains and penalties of perjury this 20th day of October, 2005.

Scott A. Katz (BBO # 655861)

2

## **CERTIFICATE OF SERVICE**

I hereby·certify that a true copy of the above document was served upon petitioner Fernandez Santiago, Pondville Correctional Center, P.O. Box 146, Norfolk, MA 02056 by first-class mail, postage prepaid, on October 20, 2005.

Scott A. Katz

NO. ......091146......

| Offense | Attorney |
|---|---|
| Trafficking in cocaine<br>G.L. Ch 94C. S32E(b) (1)<br><br>B | |

| Paper No. | Date of Filing | 091145-47 |
|---|---|---|
| 1 | Oct. 4, 1990 | Indictment returned. (tm) |
| | Oct. 5. 1990 | Defendant brought into court, |
| | | Court appoints attorney D. Ring Kelleher to represent defendant pursuant |
| | | to Superior court Rule 53. |
| | | Drug notice. |
| | | Waives reading - pleads not guilty. |
| | | Bail: $100.00 personally without surety. |
| | | Pre-trial conference ordered for October 19. 1990. |
| | | G. Wilson. AC/M- A. Ross AAG- D. Cullinan. Court Reporter- |
| | | D. Ring Kelleher. attorney for defendant. (rp) |
| | Oct. 11. 1990 | Defendant files: Motion for appointment of an interpreter. |
| | | (paper No. 2 in 091145) (rp) |
| | Oct. 19. 1990 | Defendant not in court. |
| | | Pre-trial conference report filed.(Paper No. 3 in 091145) |
| | | Motion for appointment of an interpreter allowed. |

| Paper No. | Date of Filing | |
|---|---|---|
| | Oct. 19, 1990 | Continued to December 18, 1990 by agreement for hearing re: motions. |
| | | G. Wilson. AC/M- A. Ross. AAG- D. Cullinan. Court Reporter- (rp) |
| | | D. R. Kelleher. attorney for defendant. |
| | Dec. 3, 1990 | Defendant files: Motion to Suppress Evidence |
| | | Motion to Dismiss |
| | | Motion to file affidavits late |
| | | Motion to file motions late |
| | | Motion for authorization to expend funds for the services of an investigator |
| | | Motion to permit filing on motion to dismiss without filing a memorandum |
| | | in support thereof (Paper No. 4-9 in 091145) |
| | Dec. 11, 1990 | Defendant files: Motion for additional hours of time by interpreter. |
| | | (Paper No. 11 in 091145) |
| | Dec. 18, 1990 | Lobby conference - Continued to January 2, 1991 for motions and trial by |
| | | agreement. Defendant's motion for funds for investigator allowed. |
| | | Motion for funds for interpreter allowed. |
| | | Irwin, J. - A. Ross, AAG - R. Kelleher, attorney for defendant. |
| | Jan. 2, 1991 | Brought into Court with interpreter |
| | | Motions hearing: Counsel for defendant waives defendant's motion to dismiss. |
| | | Hearing re: Motion to Sever taken under advisement. |
| | | Defendant's motion to Suppress taken under advisement. |
| | | Continued one day for trial. |
| | | (continued) |

| Paper No. | Date of Filing | No. 091146 |
|---|---|---|
| | Jan. 3, 1991 | Irwin, J. - A. Ross, AAG. - N. King, court reporter |
| | | D. R. Kelleher, attorney for defendant. |
| | Jan. 3, 1991 | Brought into Court with interpreter (tm) |
| | | Defendant motion to Sever denied without prejudice. |
| | | Motion to Suppress denied. Commonwealth moves for trial. Court, Irwin, J order (14) jurors impanelled for trial of indictments 091145-6;091148; 0911 091141. Commonwealth commences its case in chief. Jurors #3-16 Maria Mari absent/unaccounted for. Trial continues with (13) remaining jurors. |
| | | Irwin, J. - A. Ross, AAG - N. King- court reporter |
| | | D.R. Kelleher, attorney for defendant. (tm) |
| | Jan. 4, 1991 | Brought into Court with interpreter. Trial continues |
| | | Irwin, J. - A. Ross, AAG - N. King, court reporter |
| | | D. R. Kelleher, attorney for defendant. |
| | Jan. 7, 1991 | Brought into Court with interpreter (tm) |
| | | Defendant files: Request for instructions Commonwealth rests its case in c |
| | | Defendant rests. Court appoints juror #2-13 Jane Kienstra as foreperson (Paper No. 12 in #091145) |
| | | . Upon final submission of this case to the jury and the (13) remaining jurors being present, Court orders jury reduced to (12) deliberating member: and the anme of Joror #6-8 Lance Margolis was drawn and disignated as alternate. (over) |

| per No. | Date of Filing | |
|---|---|---|
| | Jan. 7, 1991 | Irwin, J. - A. Ross, AAG - N. King, court reporter |
| | | D.R. Kelleher, attorney for defendant.                    (tm) |
| | Jan. 8, 1991 | Brought into Court with interpreter. |
| | | Deliberation continues. Verdict Guilty - Verdict affirmed. |
| | | Verdict slip filed. |
| | | Commonwealth moves for sentencing. M.C.I. Cedar Junction Max. (5) years |
| | | Min. three (3) years. to run concurrently with indictment #091145 |
| 2 | | Notified of right to appeal to the Appellate Division. |
| | | Notified of right to file Notice of Appeal. |
| | | Defendant deemed to have served 102 days awaiting disposition. |
| | | Court orders seized drugs and monies forfeited upon exhaustion of appeal. |
| | | Mittimus issued. |
| | | Irwin, J. - A. Ross, AAG - N. King, court reporter |
| | | D. R. Kelleher, attorney for defendant.                    (tm) |
| | Feb. 5, 1991 | Notice of Appeal filed (Paper No. 14 in 091145) |
| | March 25, 1991 | Copy of Notice of Appeal mailed to Iriwn, J and A.Ross, AAG     (tm) |
| | | Letter sent to Court Reporter N.King for preparation of the transcripts. |
| | | Certificate of Clerk-filed. (Paper No. 12 in No. 091141) |
| | | (CONTINUED) |

No.091146

- 3 -

| Paper No. | Date of Filing | |
|---|---|---|
| | Apr. 1, 1991 | Defendant files; Motion for authorization to extend funds for a (gr... |
| | | Transcript of the trial. |
| | Apr. 11, 1991 | Findings, Rulings and Order on defendant's Motion to Suppress Evidence, |
| | | filed and denied.    (Irwin,J.)    (Paper No.13 in 091141) (gr... |
| | July 2, 1991 | One original transcript of evidence delivered to Clerk by N.King, Court |
| | | Reporter. |
| | July 29, 1991 | Notice sent to attorneys that transcripts are available |
| | July 31, 1991 | Certificate of delivery of transcript by Clerk, filed. |
| | | (Paper #14 in #091141) |
| | Aug. 2, 1991 | Evidence delivered to evidence officer, MA State Police, Attorney |
| | | General's Office. |
| | Augt. 29, 1991 | Second notice sent to Attorney D.R.Kelleher Re: Transcripts. |
| | Augt. 29, 1991 | Certificate of delivery of transcript by Clerk-filed. (Paper No. 16 in |
| | | No. 091145) |
| | Jan.24,1992 | Notice of completion of assembly of record sent to Clerk of Appeals Court |
| | | and attorneys for Commonwealth and defendant. |
| | | Two certified copies of docket entries, original and copy of transcript, |
| | | two copies of exhibit list and list of documents, |
| | | each transmitted to Clerk of Appellate Court. |
| | | Continued |

| Paper No. | Date of Filing | |
|---|---|---|
| | May 11, 1992 | Appeal to Appellate Division withdrawn |
| | Mar. 30, 1993 | Rescript received from "The Appeals Court" |
| | | Judgment affirmed, filed. |
| | | (Paper No. 23 in 091148) |

ga

NO. 091145

**Commonwealth vs.** Fernandez Santiago

| Offense | Attorney |
|---------|----------|
| Trafficking in cocaine<br>G.L. C. 94C S32E(B) (4) | B |

| Paper No. | Date of Filing | 091135-47 |
|-----------|----------------|-----------|
| 1 | Oct. 4, 1990 | Indictment returned.                                                          (tm) |
| 2 | | Motion of the Commonwealth for warrant of arrest to issue, filed and allowed |
| | | Ford, J. |
| | Oct. 4, 1990 | Warrant issued.                                                               (tm) |
| | Oct. 5, 1990 | Defendant brought into court on warrant. |
| | | Court appoints attorney D. Ring Kelleher to represent defendant pursuant |
| | | to Superior court Rule 53. |
| | | Drug notice. |
| | | Waives reading -- pleads not guilty. |
| | | Defendant files request for drug examination. |
| | | Court designates Nashua Street Jail to conduct examination. |
| | | Bail: $250,000 cash without prejudice. |
| | | Mittimus Issued. |
| | | Pre-trial conference ordered for October 19, 1990. |
| | | G. Wilson, AC/M- A. Ross AAG- D. Cullinan, Court Reporter- |

| (No.) | Date of Filing | |
|---|---|---|
| 2 A | Oct. 11, 1990 | Defendant files: Motion for appointment of an interpreter. (rp) |
| | Oct. 19, 1990 | Defendant not in court. |
| 3 | | Pre-trial conference report filed. |
| | | Motion for appointment of an interpreter allowed. |
| | | Motions to be filed by December 3, 1990. |
| | | Continued to December 18. 1990 by agreement for hearing re: motions. |
| | | G. Wilson. AC/M- A. Ross. AAG- D. Cullinan. Court Reporter- |
| | | D. R. Kelleher. attorney for defendant. (rp) |
| | Nov. 9, 1990 | Brought into Court. |
| | | Oral motion for reduction bail allowed. |
| | | Defendant ordered to recognize in $150,000 cash. Mittimus issued. |
| | | Sweeney, J. - A. Ross, AAG. - Electronic Recording Device |
| | | D. Kelleher, attorney for defendant. (tm) |
| 4 | Dec. 3, 1990 | Defendant files: Motion to Suppress Evidence |
| 5 | | Motion to Dismiss |
| 6 | | Motion to file Affidavits Late |
| 7 | | Motion to file Motions Late |
| 8 | | Motion for Authorization to Expend Funds for the Services of an investigator |
| 9 | | Motion to Permit filing on motion to dismiss without filing a memorandum in support of. |
| 10 | Dec. 11, 1990 | Defendant files: Motion for additional hours of time by interpreter. (continued) |

| Paper No. | Date of Filing | - 2 -     No. 091145 |
|-----------|----------------|----------------------|
| 11 | Dec. 14, 1990 | Commonwealth's opposition to defendant's Motion to Dismiss, filed. |
|   | Dec. 18, 1990 | Lobby conference: Contonied to January 2, 1991 for motions and trial by agreement. Defendant's motion for funds for investigator allowed. |
|   |               | Motion for funds for interpreter allowed. |
|   |               | Irwin, J. - A. Ross, AAG. - |
|   |               | R. Kelleher, attorney for defendant.                    (tm) |
|   | Jan. 2, 1991 | Brought into Court with interpreter. |
|   |               | Motion hearing counsel for defendant waives defendant's motion to dismiss. |
|   |               | Hearing re: motion to sever taken under advisement. |
|   |               | Hearing re: motion to suppress taken under advisement. |
|   |               | Continued one day for trial. |
|   |               | Irwin, J. - A. Ross, AAG. - M. King, court reporter |
|   |               | D. R. Kelleher, attorney for defendant.                    (tm) |
|   | Jan. 3, 1991 | Brought into Court with interpreter. |
|   |               | Defendant's motion to sever denied without prejudice. Motion to Suppress denied. |
|   |               | Commonwealth moves for trial. Court, Irwin J. orders (14) jurors impanelled for trial of indictments 091145-6; 091148,091143,091141; |
|   |               | Commonwealth commences its case in chief. Jurors #3-16 Maria Marin absent unaccounted for. Trial continues with (13) remaining jurors. |
|   |               | Irwin, J. - A. Ross, AAG. - N. King, court reporter. |

| aper No. | Date of Filing |  |
|---|---|---|
|  | Jan. 4, 1991 | Brought into Court with interpreter - Trial continues. |
|  |  | Irwin, J. - A. Ross, AAG. - N. King, court reporter |
|  | Jan. 7, 1991 | Brought into Court with interpreter |
| 12 |  | Defendant files: Request for Instructions Commonwealth rests its case in chief. |
|  |  | Defendant rests. Court appoints Jéror #2-13 Jane Kienstra as foreperson. |
|  |  | Upon final submission of this case to the jury and the (13) remaining jurors |
|  |  | being present, Court orders jury reduced to (12) deliberating members, and |
|  |  | the name of juror #6-8 Lance Margolis was drawn and designated as alternate. |
|  |  | Irwin, J. - A. Ross, AAG. - N. King, court reporter |
|  |  | D.R. Kelleher, attorney for defendant. |
|  | Jan. 8, 1991 | Brought into Court with interpreter |
| 13 |  | Deliberation continues - Verdict guilty - Verdict affirmed |
|  |  | Verdict slip filed. |
|  |  | Commonwealth moves for sentencing M.C.I. Cedar Junction Max. sixteen (16) |
|  |  | years Min. fifteen (15) years. |
|  |  | Notified of right to appeal to the Appellate Division. |
|  |  | Notified of notice of appeal |
|  |  | Defendant deemed to have served 104 days awaiting disposition. |
|  |  | Victim/Witness fee of $50.00 imposed. |
|  |  | Court order drugs and monies forfeited upon exhaustion of appeal |
|  |  | Mittimus issued. |
|  |  | (continued) |

| Paper No. | Date of Filing | - | 3 | - | No. 091145 |
|-----------|----------------|---|---|---|------------|
| | Jan. 8, 1991 | Irwin, J. - A Ross, AAG. - N. King, court reporter | | | |
| | | D. R. Kelleher, attorney for defendant. | | | |
| 14 | Feb. 5, 1991 | Notice of appeal filed. | | | |
| | Feb. 21, 1991 | Assessment in the amount of $50.00 paid to the victim/witness assistance fund om accordance with M.G.L. Chapter 258B, Sec. 8                    (tm) | | | |
| | March 25, 1991 | Copy of notice of appeal mailed to Irwin. J and A.Ross, AAg | | | |
| | | Letter sent to Court Reporter N.King for preparation of the transcripts. | | | |
| | | Certificate of Clerk-filed. (Paper No. 12 in No. 091141) | | | |
| | Apr.1,1991 | Defendant files; Motion for Authorization to extend funds for a Transcript of the Trial. | | | |
| | Apr.11,1991 | Findings, Rulings and Order on Defendant's Motion to Suppress Evidence, filed aznd denied, (Irwin,J.)    (Paper No.13 in 091141) | | | |
| | | (D. Kelleher, Attorney notified with copy) | | | (g |
| 15 | May 30, 1991 | Defendant files: Prose Motion for Free Transcript (Irwin, J. notified with copy) | | | ( |
| | July 2, 1991 | One original transcript of evidence delivered to Clerk by N.King, Court Reporter. | | | |
| | July 29, 1991 | Notice sent to attorneys that transcripts are available. | | | |
| | July 31, 1991 | Certificate of delivery of transcript by Clerk, filed. (Paper #14 in #091141) | | | |
| | Aug. 2, 1991 | Evidence delivered to evidence officer MA State Police. | | | |

| ıper No. | Date of Filing | |
|---|---|---|
| | | sc |
| | Aug.  2, 1991 | Attorney General's Office |
| | Augt. 29, 1991 | Second notice sent to Attorney D.R.Kelleher Re: Transcripts. |
| 16 | Augt. 29, 1991 | Certificate of delivery of transcript by Clerk-filed. |
| | Jan. 24,1992 | Notice of completion of assembly of record sent to Clerk of Appeals Court and attorneys for Commonwealth and defendant. Two certified copies of docket entries, original and copy of transcript, two copies of exhibit list and list of documents, each transmitted to Clerk of Appellate Court. (ys) |
| | May 11, 1992 | Appeal to Appellate Division withdrawn |
| 17 | Feb. 25, 1993 | Defendant files: Application for leave to obtain further appellate review.  (Irwin, J. notified with copy)                              ga |
| | Mar. 30, 1993 | Rescript received from "The Appeals Court"                               ga |
| | | Judgment affirmed, filed. (Paper No. 23 in 091148) (A. Ross, AAG & R. Cox, atty each notified) |

**\*418** 607 N.E.2d 418

34 Mass.App.Ct. 79

Appeals Court of Massachusetts,
Suffolk.

**COMMONWEALTH**
**v.**
**Juan COLLAZO (and four companion**
**cases). (FN1)**

**No. 92-P-94.**
Argued Oct. 14, 1992.

Decided Feb. 3, 1993.

Defendants were convicted in the Superior Court, Suffolk County, John J. Irwin, Jr., J., of trafficking in over 200 grams of cocaine. Defendants appealed. The Appeals Court, Greenberg, J., held that: (1) probable cause for warrantless search of defendant's apartment did not arise until undercover officer saw cocaine in apartment during officer's attempt to purchase cocaine; (2) exigent circumstance existed for warrantless search of defendant's apartment; and (3) defendant was not entitled to separate trial of another defendant for nonmutual offense.

Affirmed.

West Headnotes

[1]   Criminal Law ⬦⟶394.1(3)

110 ----
   110XVII Evidence
   110XVII(I) Competency in General
   110k394 Evidence Wrongfully Obtained
   110k394.1 In General
   110k394.1(3) Effect of Illegal Conduct on Other
Evidence.

[See headnote text below]

[1]   Criminal Law ⬦⟶394.3

110 ----
   110XVII Evidence
   110XVII(I) Competency in General
   110k394 Evidence Wrongfully Obtained
   110k394.3 Wiretapping or Other Interception.

Observations and conversations of undercover police officer who was wired with monitor for his safety during his attempt to purchase cocaine were not rendered inadmissible by officer's failure to obtain warrant statutorily required for interception of communications; trial court properly allowed only exclusion of testimony of officers who overheard untaped conversations between undercover officer and defendants. M.G.L.A. c. 272, § 99.

[2]   Controlled Substances ⬦⟶129

96H ----
   96HIV Searches and Seizures
   96HIV(B) Search Without Warrant
   96Hk127 Premises, Search of
   96Hk129 Probable or Reasonable Cause.

(Formerly 138k185(2) Drugs and Narcotics)

Probable cause for warrantless search of defendant's apartment did not arise until undercover officer saw two other defendants remove bags of cocaine from their pants in apartment during officer's attempt to purchase cocaine; prior to that moment, it remained uncertain whether and where transaction would take place. U.S.C.A. Const.Amend. 4.

[3]   Controlled Substances ⬦⟶128

96H ----
   96HIV Searches and Seizures
   96HIV(B) Search Without Warrant
   96Hk127 Premises, Search of
   96Hk128 In General.

(Formerly 138k185(1) Drugs and Narcotics)

Police officers were not obligated to obtain anticipatory search warrant prior to search of defendant's apartment which took place after undercover officer saw two other defendants remove bags of cocaine from their pants in apartment during officer's attempt to purchase cocaine; prior to that moment, it remained uncertain whether and where transaction would take place. U.S.C.A. Const.Amend. 4.

[4]   Controlled Substances ⬦⟶130

96H ----
   96HIV Searches and Seizures
   96HIV(B) Search Without Warrant
   96Hk127 Premises, Search of
   96Hk130 Exigent Circumstances.

(Formerly 138k185(3) Drugs and Narcotics)

© 2005 Thomson/West. No claim to original U.S. Govt. works.

It was impracticable to secure search warrant and there was unpredictable circumstance and, thus, exigent circumstance existed for warrantless search of defendant's apartment once undercover police officer saw cocaine in apartment during attempt to purchase cocaine and thereby had probable cause to search apartment; police officers had no information which tied apartment to illegal drug transactions and there was every indication that transaction was not going to take place in apartment. U.S.C.A. Const.Amend. 4.

[5] Searches and Seizures ☜⇒44

349 ----
    349I In General
349k42    Emergencies   and   Exigent Circumstances; Opportunity to Obtain Warrant
    349k44 Presence of Probable Cause.

Probable cause must be coupled with exigent circumstances to justify police intrusion into home. U.S.C.A. Const.Amend. 4.

[6] Searches and Seizures ☜⇒42.1

349 ----
    349I In General
349k42    Emergencies   and   Exigent Circumstances; Opportunity to Obtain Warrant
    349k42.1 In General.

(Formerly 349k42)

Question of whether exigent circumstances exist for warrantless search of home depends upon evaluation of all circumstances as they appear to police at the time. U.S.C.A. Const.Amend. 4.

[7] Criminal Law ☜⇒622.2(1)

110 ----
    110XX Trial
    110XX(A) Preliminary Proceedings
    110k622   Joint  or  Separate  Trials  of Codefendants
    110k622.2 Proceedings in Which Severance May Be Granted and Grounds Therefor
    110k622.2(1) In General.

Defendant was not entitled to separate trial from that of codefendant in prosecution in trafficking in cocaine by virtue of indictment of codefendant on additional charge for events which occurred prior to date of mutual crime for which defendant was indicted; defenses were not mutually antagonistic, offenses were proximate in time and similar, and trial judge carefully limited admission of codefendant's statements made prior to date of mutual crime to codefendant's case only.

[8] Criminal Law ☜⇒622.2(6)

110 ----
    110XX Trial
    110XX(A) Preliminary Proceedings
    110k622   Joint  or  Separate  Trials  of Codefendants
    110k622.2 Proceedings in Which Severance May Be Granted and Grounds Therefor
    110k622.2(6) Antagonistic Defenses; Hostility.

Codefendants do not become entitled to severance because of possibility that they might wish to assert antagonistic defenses or use different trial strategy.

[9] Criminal Law ☜⇒627.8(6)

110 ----
    110XX Trial
    110XX(A) Preliminary Proceedings
    110k627.5 Discovery Prior to and Incident to Trial
    110k627.8 Proceedings to Obtain Disclosure
    110k627.8(6) Failure to Produce Information.

Prosecutor's failure to provide to defendant letters written by defendant to police after his arrest did not warrant mistrial; trial judge excluded contents of letters and limited use thereof to cross-examination to demonstrate that defendant spoke English and correctly relied on curative instructions as adequate means to correct any error and to remedy any prejudice to defendant.

[10] Criminal Law ☜⇒700(9)

110 ----
    110XX Trial
    110XX(E) Arguments and Conduct of Counsel
    110k700 Rights and Duties of Prosecuting Attorney
    110k700(9) Loss or Destruction of Evidence.

Defendants were not prejudiced by absence of notes that undercover police officer had used to write his police report and had then destroyed; there was no indication that notes would have supplied favorable information and officer had used notes in writing police statement which was made available to defendants.

© 2005 Thomson/West. No claim to original U.S. Govt. works.

**\*419** [34 Mass.App.Ct. 80] Roger A. Cox, Boston, for Fernandez Santiago.

John J. Barter, Boston, for Juan Collazo.

**\*420** Nancy W. Geary, Asst. Atty. Gen., for Com.

Robert E. Kenney, Middleboro, for Hermensjildo Estrella, & John J. Russell, Boston, for Aquiles Encarnacion, were present but did not argue.

Before [34 Mass.App.Ct. 79] DREBEN, KASS and GREENBERG, JJ.

GREENBERG, Justice.

Four defendants were convicted on one count of trafficking in over two hundred grams of cocaine. G.L. c. 94C, § 32E(b)(4). Their appeals focus on three common and discrete issues: (1) whether the police improperly conducted a warrantless search of Santiago's apartment; (2) whether the judge improperly failed to sever the cases pursuant to Mass.R.Crim.P. 9(d), 378 Mass. 860 (1979); and (3) whether the Commonwealth's failure to produce certain written statements and police reports prior to trial requires reversal. We affirm each of the convictions.

We take our facts from the detailed findings of the motion judge (who was also the trial judge), supplemented by additional undisputed testimony submitted at the hearing. The jury could have found the same facts from the evidence presented at the trial.

[1] On September 26, 1990, an undercover State police officer, Dennis Brooks, assigned to the Attorney General's Narcotics Division, received a message on his beeper to call the defendant Santiago at his apartment in East Boston. During the course of the returned call, Santiago told Brooks that his suppliers had been in his apartment at 8:00 A.M., and they had left some cocaine for Brooks to test. Between 10:30 A.M. and 11:00 A.M., Brooks went to a vacant lot located some six buildings away from Santiago's apartment where five days earlier he had purchased twenty-eight grams of cocaine from Santiago (see note 1, *supra* ). There, he again met Santiago, who took a bottle cap full of cocaine from one of the [34 Mass.App.Ct. 81] automobiles in the lot for Brooks to sample. It was agreed that he would contact Santiago in half an hour if the sample was to his liking. Forty-five minutes later, Santiago paged Brooks, who was stuck in traffic on his way back to Boston. Brooks then telephoned Santiago, and a deal was tentatively set to buy three-eighths of a kilo of cocaine for $12,800.

Next, Brooks notified Sergeant Quigley, his supervisor, but was redirected by him to Revere, to assist in an unrelated surveillance. Around 12:30 P.M., Brooks-- still in Revere--was paged a second time by Santiago, who told him that the amount of cocaine had been decreased by an eighth of a kilo. At this point, Brooks thought that the deal was "a go." He proceeded to the Attorney General's office, arriving there at 1:00 P.M., where he procured a flash roll for the amount of the original order and called for more surveillance officers. He returned to Revere between 1:45 P.M. and 1:50 P.M. to assist fellow officers in making an unrelated arrest, which occurred minutes later. Brooks and other undercover troopers then rode to the Liberty Day Market in East Boston and established several alternate arrest plans dependent on where the purchase from Santiago would take place. At 2:30 P.M., Brooks, who was wired with a monitor for his safety, (FN2) went into Santiago's second-floor apartment. Santiago made some phone calls, told Brooks that his connections would be coming from Lynn in half an hour, and informed **\*421** Brooks that he [34 Mass.App.Ct. 82] wanted the deal to occur in his apartment but that it was not a matter within his control.

After forty-five minutes passed, Santiago and Brooks walked outside to the vacant lot. Eventually, the defendant Collazo approached them, Collazo and Santiago spoke in Spanish, and then all three started back to Santiago's apartment. As they were walking toward the apartment, two others, the defendants Encarnacion and Estrella, trailed them in a parallel course from across the street and joined them at the apartment building's entrance. Collazo conversed with them in Spanish. The two waited outside and posted guard, while Collazo, Santiago, and Brooks went into the apartment. As Brooks and Collazo were discussing the logistics of the deal, Encarnacion and Estrella walked into the apartment through the open front door, and they each pulled out from their pants plastic bags filled with cocaine, placing them on the kitchen table. (FN3) Encarnacion and Estrella left on Collazo's instruction. Twice, Brooks tried in vain to lure Collazo outside (to his automobile) to complete the deal. After Collazo refused, Brooks went outside to his automobile to get the money. As he approached the trunk of his vehicle, Santiago's wife warned Brooks the cops were coming and that he should leave. Fearful of exposure, Brooks left in his vehicle. Encarnacion and Estrella were still standing in front of the building; when they noticed the other undercover officers, they started to run but were apprehended after a short footchase. Sergeant Quigley and three other officers went into Santiago's apartment. When they passed into the hallway to the second floor, Quigley announced, "State

© 2005 Thomson/West. No claim to original U.S. Govt. works.

Police." The front door to the apartment was still open as the Troopers walked in, with Quigley in the lead displaying his badge. (FN4) Collazo and Santiago were seated at the kitchen table, with the cocaine still on top. They were arrested, the drugs seized, and a security check of the apartment was made.

[34 Mass.App.Ct. 83] [2] The defendants make a two-part argument against the judge's determination that the officers' search of the apartment was reasonable: first, that the officers lacked probable cause to conduct a warrantless search; second, regardless of the existence of probable cause, the Commonwealth has not sustained its burden of demonstrating the exigent circumstances necessary to justify the warrantless search of the apartment and the seizure of the cocaine. Neither argument withstands analysis.

[3] The record reflects, and the judge's findings specifically tell us, that probable cause to search Santiago's apartment did not arise until Brooks saw Encarnacion and Estrella remove the bags of cocaine from their pants. (FN5) See *Commonwealth v. Cast*, 407 Mass. 891, 903-906, 556 N.E.2d 69 (1990). Prior to that moment, it remained uncertain whether and where the transaction would take place. (FN6) The defendants, relying on *Commonwealth v. Hall*, 366 Mass. 790, 800-801, 323 N.E.2d 319 (1975), suggest that the government has failed to demonstrate probable cause. In that case the search of a third-floor apartment was held invalid because the officers were operating **\*422** under a warrant authorizing a search of an apartment on the second floor. The court held that exigent circumstances did not exist to justify a warrantless search of the unit above, in which no people were present, a circumstance absent in the instant case.

[4][5][6] We have frequently stated the familiar rule that "warrantless entries are per se unreasonable unless they fall within one of the few narrowly drawn exceptions to the Fourth [34 Mass.App.Ct. 84] Amendment warrant requirements." *Commonwealth v. Amaral*, 16 Mass.App.Ct. 230, 233, 450 N.E.2d 656 (1983). Probable cause must be coupled with exigent circumstances to justify a police intrusion into the home. *Commonwealth v. Forde*, 367 Mass. 798, 800, 329 N.E.2d 717 (1975). The question whether exigent circumstances exist depends upon an evaluation of all the circumstances as they appear to the police at the time. See *Commonwealth v. Hall*, 366 Mass. at 802, 323 N.E.2d 319; *Commonwealth v. Huffman*, 385 Mass. 122, 125, 430 N.E.2d 1190 (1982). Here, after

Brooks saw the cocaine, and thus had probable cause to search the apartment, it was impracticable to secure a warrant. See *Commonwealth v. Olivares*, 30 Mass.App.Ct. 596, 599, 571 N.E.2d 416 (1991). See also *Commonwealth v. DiSanto*, 8 Mass.App.Ct. 694, 700, 397 N.E.2d 672 (1979). As in the *Olivares* case, the officers had no information which tied Santiago's residence to the illegal drug transactions. Prior to this arrest, Brooks had never seen or heard of any evidence of contraband in Santiago's apartment; their previous cocaine exchanges were conducted in the vacant lot, not inside the apartment. In point of fact, no one knew where the transaction would take place until the drugs were actually produced. In denying the motion to suppress, the judge found that "Brooks anticipated making the buy outside or having to go to Lynn or Dorchester for it." Such an unpredictable circumstance became the essence of an exigency which permitted the officers to dispense with "taking the time to obtain a warrant because to do so would thwart ... the arrest." *Commonwealth v. Huffman*, 385 Mass. at 126, 430 N.E.2d 1190, quoting from Latzer, Police Entries to Arrest--*Payton v. New York*, 17 Crim.L.B. 156, 163 (1981). Contrast *Commonwealth v. Wigfall*, 32 Mass.App.Ct. 582, 587, 595 N.E.2d 327 (1992) (where judge found that "no place other than [the basement apartment] was ever mentioned" as a location where the deal would occur, and it was foreseeable to the police that they would have to enter the apartment to either arrest or search). (FN7)

[34 Mass.App.Ct. 85] [7][8] That Santiago was also indicted on a separate charge for the events that occurred on September 21 (see note 1, *supra*) prompted Estrella's trial counsel to request that the earlier incident be the subject of a separate trial. The basis for the motion was that the statements and acts of Santiago prior to September 26 were so prejudicial to the other defendants as to require severance. (FN8) The judge's denial of the motion was proper. The defenses were not mutually antagonistic, although **\*423.** "codefendants do not become entitled to severance 'because of the possibility that they might wish to assert antagonistic defenses or use different trial strategy.'" *Commonwealth v. Moran*, 387 Mass. 644, 658-659, 442 N.E.2d 399 (1982) (severance required where the only realistic escape is for the defendants to blame each other); rather, joinder of the offenses was appropriate and nonprejudicial because of the proximity in time and the similarity of the offenses, and the judge carefully limited the admission of Santiago's statements made prior to September 26, 1990, to his case only. *Commonwealth v. Weaver*, 400 Mass. 612, 618, 511 N.E.2d 545 (1987). See also *Katz v. United States*, 321 F.2d 7, 11 (1st Cir.), cert. denied,

© 2005 Thomson/West. No claim to original U.S. Govt. works.

375 U.S. 903, 84 S.Ct. 193, 11 L.Ed.2d 144 (1963) (the fact that all the evidence is not admissible against all defendants does not necessitate separate trials).

[34 Mass.App.Ct. 86] [9][10] The judge properly denied Encarnacion's motion for a mistrial based on the prosecutor's failure to provide (1) letters written by Collazo to the police after his arrest and (2) certain notes that Brooks used to prepare his police report. The judge excluded the contents of Collazo's letters and limited the use thereof to cross-examination (to demonstrate that Collazo spoke English). "Here, the judge correctly relied on curative instructions as an adequate means to correct any error and to remedy any prejudice to the defendant." *Commonwealth v. Amirault,* 404 Mass. 221, 232, 535 N.E.2d 193 (1989). We also affirm the judge's finding that no prejudice resulted from the absence of the notes that Brooks had used to write his police report and had then destroyed. There was no indication that the notes would have supplied favorable information. Cf. *Commonwealth v. Buckley,* 410 Mass. 209, 218-219, 571 N.E.2d 609 (1991). Further, as indicated, Brooks had used the notes in writing his police statement, and the statement was made available to all defendants.

Encarnacion and Collazo also argue that, while no single issue standing alone might require reversal, in combination, the result was a fundamentally unfair trial. Our review of the record and our conclusion that none of the issues raised amounts to error assures us that this contention is without merit. Compare *Commonwealth v. Colantonio,* 31 Mass.App.Ct. 299, 314, 577 N.E.2d 314 (1991). Contrast *Commonwealth v. Cancel,* 394 Mass. 567, 576, 476 N.E.2d 610 (1985)

*Judgments affirmed.*

(FN1.) Two of the companion cases are against Fernandez Santiago. The remaining two are against Aquiles Encarnacion and Hermensjildo Estrella. While Santiago was convicted of the charges on both indictments (the second one alleged trafficking in an additional amount of over fourteen grams of cocaine on September 21, 1990), none of the arguments on appeal relate to the conviction for the earlier offense.

(FN2.) Collazo asserts, as an alternative argument, that the judge should have suppressed all observations of Officer Brooks, all conversations, and all physical evidence resulting from the search of the apartment because Brooks failed, as required by G.L. c. 272, § 99, to obtain a warrant authorizing this type of interception. In essence, Collazo argues that the

remedy for unlawful interception may extend beyond merely suppressing the transmissions as overheard by a third party. The judge found that the officers needed a warrant and, applying *Commonwealth v. Blood,* 400 Mass. 61, 507 N.E.2d 1029 (1987), limited the defendant's sweeping request to allow only the exclusion of testimony of the officers who overheard the untaped conversations between Brooks and the defendants. There was no error; Brooks's observations and conversations did not have to be suppressed. See *Commonwealth v. Jarabek,* 384 Mass. 293, 299, 424 N.E.2d 491 (1981) (the exclusionary rule would not extend to live testimony of a participant in an unlawfully recorded conversation), and cases cited.

(FN3.) At trial it was established that one of the bags contained 123.5 grams of seventy percent pure cocaine and the other contained 123.8 grams of thirty percent pure cocaine.

(FN4.) The entrance of the police officers was peaceable and during the day.

(FN5.) The judge also found that, even assuming Brooks had probable cause, he had no time to obtain a search warrant. He noted that, in the approximately two-hour period between his last conversation with Santiago and his arrival at Santiago's apartment, Brooks had to drive back from Revere to the Attorney General's office, obtain a flash roll, assemble a surveillance team when the department was shorthanded, return to Revere to assist in a surveillance and arrest, go back to East Boston, and establish a series of plans for this investigation. Compare *Commonwealth v. Minh Ngo,* 14 Mass.App.Ct. 339, 341-342, 439 N.E.2d 839 (1982). Contrast *Commonwealth v. Wigfall,* 32 Mass.App.Ct. 582, 587, 595 N.E.2d 327 (1992) (police officers had three hours to obtain an arrest warrant and provided no justifiable excuse for the delay).

(FN6.) The police officers were not obligated to obtain an anticipatory search warrant. See *Commonwealth v. Cast,* 407 Mass. at 906, 556 N.E.2d 69.

**\*423_** (FN7.) The defendants assert on appeal that, as in the *Wigfall* case, the police officers had probable cause to arrest Santiago and thus should have obtained an arrest warrant before entering the apartment. In *Wigfall,* the officers had probable cause to arrest the defendant for the specific transaction for which the search was conducted. 32 Mass.App.Ct. at 584. Here, in contrast, there was no

© 2005 Thomson/West. No claim to original U.S. Govt. works.

probable cause to arrest Santiago for trafficking in the 200-plus grams involved in the September 26 transaction until the cocaine was placed on the kitchen table. While the police had probable cause to arrest Santiago for the earlier September 21 transaction involving twenty-eight grams of cocaine (see note 1, supra), as we noted previously, there was every indication that the transaction was *not* going to take place in Santiago's apartment. Contrast *Wigfall, supra,* 32 Mass.App.Ct. at 587, 595 N.E.2d 327 ("the judge made a specific finding that it was reasonably foreseeable at 1:00 P.M. that the police

would have to enter Wigfall's apartment either to arrest him or to search it for drugs").

(FN8.) On appeal, Collazo and Encarnacion join in the argument. Below, their focus was on separate trials for each defendant (a position that has been practically abandoned on appeal). In any event, our conclusion that Estrella's motion to sever was properly denied obviates any need to reach the issue whether this issue was preserved for them and whether their counsel was ineffective in not joining in Estrella's motion.

© 2005 Thomson/West. No claim to original U.S. Govt. works.

617 N.E.2d 639, 414 Mass. 1105, Com. v. Collazo, (Mass. 1993)                          **Page 1**

**\*639** 617 N.E.2d 639

414 Mass. 1105

(The Court's decision is referenced in a "Supreme
Judicial Court of Massachusetts Further Appellate
Review" table in the North Eastern Reporter.)

Supreme Judicial Court of Massachusetts.

**Commonwealth**
**v.**
**Collazo (Juan)**
Mar 29, 1993

Appeal From: 34 Mass.App.Ct. 79, 607 N.E.2d 418.

DENIED.

© 2005 Thomson/West. No claim to original U.S. Govt. works.

## SUPREME JUDICIAL COURT
### for the Commonwealth
Case Docket



---

**COMMONWEALTH vs. JUAN COLLAZO (and four companion cases).**
FAR-06513

---

### CASE HEADER

| | | | |
|---|---|---|---|
| **Case Status** | FAR denied | **Status Date** | 03/29/1993 |
| **Nature** | Crim: drug case | **Entry Date** | 02/25/1993 |
| **Appeals Ct Number** | 1992-P-0094 | **Opposition Date** | |
| **Appellant** | Defendant | **Applicant** | Defendant |
| **Citation** | | **Case Type** | Criminal |
| **Full Ct Number** | | **TC Number** | |
| **Lower Court** | Suffolk Superior Court | **Lower Ct Judge** | John J. Irwin, Jr., J. |

---

### ADDITIONAL INFORMATION

Add'l Trial Court docket nos.: FOR FERNANDEZ SANTIAGO #'s 091145 & 091146 - FOR AQUILES ENCARNACION #'s 091141 & 091142 - FOR HERMENSJILDO ESTRELLA # 091143.

---

| INVOLVED PARTY | ATTORNEY APPEARANCE |
|---|---|
| **Commonwealth**<br>Plaintiff/Appellee | Nancy W. Geary, A.A.G. |
| **Juan Collazo**<br>Defendant/Appellant | John J. Barter, Esquire |
| **Fernandez Santiago**<br>Defendant/Appellant | Roger A. Cox, Esquire |
| **Aquiles Encarnacion**<br>Defendant/Appellant | John J. Russell, Esquire |
| **Hermensjildo Estralla**<br>Defendant/Appellant | Robert E. Kenney, Jr., Esquire |

---

### DOCKET ENTRIES

| Entry Date | Paper | Entry Text |
|---|---|---|
| 02/25/1993 | | Docket opened. |
| 02/25/1993 | #1 | FAR APPLICATION of Juan Collazo, filed by John J. Barter, Esquire. |
| 02/25/1993 | #2 | MOTION filed for Santiago Fernandez by Roger A. Cox, Esq. to adopt by reference the Application For Further Appellate Review filed by Juan Collazo pursuant to Rule 16(j) of the Massachusetts Rules of Appellate Procedure. |
| 03/04/1993 | #3 | MOTION filed for Hermensjildo Estralla by Robert E. Kenney, Esq., to adopt by reference the Application for Further Appellate Review filed by Juan Collazo pursuant to Rule 16(j) of the Massachusetts Rules of Appellate Procedure. |
| 03/04/1993 | #4 | MOTION to file FAR applic. late, filed for Hermensjildo Estralla by Robert E. Kenney, Jr., Esquire. ALLOWED, (as the application is already filed, this filing is to adopt by reference). |
| 03/09/1993 | #5 | MOTION filed for Aquiles Encarnacion by John Russell, Esq., to adopt by reference the Application for Further Appellate Review filed by Juan Collazo pursuant to Rule 16(j) of the Massachusetts Rules of Appellate Procedure. |
| 03/09/1993 | #6 | MOTION to file FAR applic. late, filed for Aquiles Encarnacion by John J. Russell, Esquire. |

As of 08/18/2005 13:15

|  | ALLOWED, (as the application is already filed, this filing is to adopt by reference). |
| 03/29/1993 #7 | DENIAL of FAR application. |