# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1698
(617) 727-2200

Thomas F. Reilly
Attorney General

December 12, 2005

**By Electronic Case Filing (ECF)**

The Honorable Mark L. Wolf
Judge, U.S. District Court
United States District Court for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
One Courthouse Way
Boston, Massachusetts 02210

    Re:   *Fernandez Santiago v. Paul Ruane*,
           Civil Action No. 04-12022-MLW

Dear Judge Wolf:

I write to clarify the record in the above-referenced habeas action, which was dismissed on November 28, 2005.

On behalf of Respondent Paul Ruane, I filed a motion to dismiss the petitioner Fernandez Santiago's habeas petition on October 20, 2005, on the grounds that it was time barred. That same date, I served a copy of the motion (and supporting memorandum and declaration) upon Mr. Santiago by first-class mail at the Pondville Correctional Center—the address he provided to the Court. These documents were subsequently returned to me as undeliverable. Upon inquiry, I learned that Mr. Santiago had been released from the Pondville Correctional Center on September 27, 2005. I called the Court on or about November 4, 2005, and left a message relating these facts.

On November 28, 2005, the Court entered an electronic order granting Respondent's motion to dismiss, stating that "[a]s this motion is not opposed and is, in any event, meritorious, it is hereby ALLOWED. This case is hereby DISMISSED."

I write, out of an abundance of caution, to clarify that Mr. Santiago's failure to oppose Respondent's motion to dismiss was caused, at least in part, by my inability to serve the motion on Mr. Santiago. I note, however, that my inability to effect service was the direct result of Mr. Santiago's failure to keep the Court—and me—apprised of his current mailing address, as he is required to do. In any event, as the Court noted in its November 28, 2005 electronic order,

Respondent's motion to dismiss was "meritorious," as Mr. Santiago's habeas petition was not filed until more than seven years after the limitations period had expired.[1]

For these reasons, the Court's November 28, 2005 order dismissing Mr. Santiago's petition stands on firm ground, in spite of my inability to effect service of Respondent's motion to dismiss on him.

Please do not hesitate to contact me if you have any questions. Thank you for your attention to this matter.

                Very truly yours,

                /s/ Scott A. Katz

                Scott A. Katz
                Assistant Attorney General

---

[1] I also note that on August 23, 2005, the Court ordered Mr. Santiago to submit the $5.00 filing fee or an application to proceed *in forma pauperis* with appropriate supporting documentation within 42 days—by October 4, 2005. Mr. Santiago failed to take such action. As a result, his petition could also have been dismissed for this additional reason.